NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2064 |
| Plaintiff - Appellant, | D.C. No. 2:23-cr-00013-JCM-BNW-1 |
| v. | |
| RICHARD WHITTAKER, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 6, 2025
Las Vegas, Nevada

Before: RAWLINSON, MILLER, and DESAI, Circuit Judges.

Richard Whittaker, a convicted sex offender, pleaded guilty in 2017 to

traveling between States without updating his Sex Offender Registration and

Notification Act (SORNA) registration, in violation of 18 U.S.C. § 2250(a). He

was sentenced to a term of imprisonment and a lifetime of supervised release. One

of the conditions of his supervised release was that he comply with SORNA in the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

future. In 2022, after his release from prison, Whittaker allegedly traveled between States again without updating his SORNA registration. United States Probation and Pretrial Services then filed a petition to revoke Whittaker's supervised release, and a federal grand jury indicted Whittaker for another violation of section 2250(a). The district court dismissed the indictment on double jeopardy grounds. We have jurisdiction under 18 U.S.C. § 3731. We review questions of law underlying the district court's dismissal of an indictment de novo. *United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir. 2020). We reverse.

The Double Jeopardy Clause does not bar a prosecution for the same conduct that provides the basis for the revocation of a defendant's supervised release. *United States v. Soto-Olivas*, 44 F.3d 788, 789–90 (9th Cir. 1995). That is because "punishment imposed upon revocation of supervised release is punishment for the original crime" for which the defendant was sentenced to supervised release, "not punishment for the conduct leading to revocation." *Id.* at 791. Thus, any revocation of Whittaker's supervised release would have been punishment for his 2017 offense, not for the 2022 conduct for which he was most recently indicted. That Whittaker's 2022 conduct led to both the petition to revoke his supervised release and a prosecution does not violate the Double Jeopardy Clause.

Whittaker argues that the Supreme Court's decision in *Puerto Rico v. Sanchez Valle* calls this court's precedent into question. 579 U.S. 59 (2016). In that

case, the Court analyzed whether Puerto Rico was a different sovereign from the United States such that each could prosecute a defendant for equivalent offenses. *Id.* at 75–78. But where, as here, a defendant faces two proceedings that could result in punishment only for *different* offenses, it does not matter for double jeopardy purposes whether the proceedings are initiated by the same sovereign. *See id.* at 66–67.

Whittaker also urges us to affirm the dismissal of the indictment on a different ground: that SORNA does not require offenders like him who lack a stable residence to update their registrations. But that argument was not raised below, so we decline to address it. *See Center for Investigative Reporting v. United States Dep't of Justice*, 14 F.4th 916, 932–33 (9th Cir. 2021).

**REVERSED.**